# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHEILA HUNNELL-VILLINES, )
)
        Plaintiff, )
)
v. ) Case No. 19-2581-CM-JPO
)
HARTFORD LIFE AND ACCIDENT )
INSURANCE COMPANY, )
)
        Defendant. )
)

## MEMORANDUM AND ORDER

This matter is before the court on the motion to dismiss brought by defendant Hartford Life and Accident Insurance Company. (Doc. 21.) Defendant seeks the dismissal of Counts II, III, IV and V of plaintiff Sheila Hunnell-Villines's five-count complaint. (Doc. 1-1.) Plaintiff's complaint stems from defendant's discontinuation of her long-term disability benefits, as well as defendant's efforts to recoup a portion of the benefits it paid to plaintiff which were subsequently duplicated when plaintiff received her Social Security Disability benefits award ("SSDI"). Plaintiff filed her complaint in state court and it was removed by defendant to this court, pursuant to 28 U.S.C. § 1331, due to plaintiff's inclusion of one count sounding in federal law; that is, Count V, which alleges that defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., when it attempted to recover monies from plaintiff. (Doc. 1.)

### *Background*

Plaintiff worked at the University of Kansas Hospital Medical Authority as a payroll manager from 2003 to April 2016, when she stopped working due to her disabling medical conditions including "lumbar radiculopathy, rheumatoid arthritis, degenerative joint disease, plantar fasciitis,

-1-

fibromyalgia, polyarthralgia, otosclerosis, chronic pain, irritable bowel syndrome, memory loss, cognitive decline, brain fog, headaches, vertigo, and insomnia." (Doc. 1-1 at ¶ 24.) After an initial denial, defendant approved plaintiff's claim for short-term disability benefits, and then approved her claim for long-term benefits on May 8, 2017. She received those benefits for a two-year period from October 2016 through October 2018, during the period that defendant determined she was incapable of performing her job, according to the terms of the policy. On May 24, 2018, the Social Security Administration retroactively approved plaintiff's claim for SSDI benefits, finding that she had been disabled as of April 2016 – the date she had stopped working.

Defendant then contacted plaintiff repeatedly in an effort to recover a portion of the benefits it had paid her, which were being duplicated by SSDI, in accordance with its policy provisions. Although plaintiff was represented by counsel in connection with her claims for benefits, defendant contacted her directly by phone and by letter during the summer of 2018 in an effort to collect this debt. On October 9, 2018, defendant notified plaintiff that it was terminating her benefits, having concluded that, while she had been disabled from performing her own job, she was capable of performing other sedentary occupations (including that of payroll manager). Plaintiff appealed this decision in March 2019, but the appeal was denied, resulting in this lawsuit.

Four of the five counts in plaintiff's complaint focus on defendant's denial of benefits. Those counts include four state common law claims: Count I for breach of contract; Count II for breach of fiduciary duty; Count III for "breach of contract from the breach of the duty of good faith and fair dealing"; and Count IV for misrepresentation and intent to defraud. The fifth count, for violation of the federal FDCPA, is the sole basis for federal jurisdiction. As explained below, the court determines that the plaintiff has failed to state an adequate claim on this count. Consequently, Count V is dismissed, pursuant to Fed. R. Civ. P. 12(b)(6). Due to this court's limited jurisdiction, the remaining

counts will be remanded to the District Court of Wyandotte County, Kansas. *See Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) (pointing out that "federal courts are courts of limited subject-matter jurisdiction" and "may only hear cases when empowered to do so by the Constitution and by act of Congress").

### *Standard of review*

On a motion to dismiss a complaint brought pursuant to Fed. R. Civ. P. 12(b)(6), the court assumes all well-pled facts in the complaint are true, and permits all reasonable inferences from that pleading. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012). Legal conclusions worded as factual allegations must be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citing *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). It is not necessary that the plaintiff set forth all elements of a prima facie case in the complaint, but factual allegations tending to demonstrate those elements "help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2010).

### *The Fair Debt Collection Practices Act*

Congress enacted the Fair Debt Collection Practices Act in 1977 to protect consumers and legitimate businesses by curbing harassing, abusive and deceptive debt collection practices. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013); *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002); 15 U.S.C. §§ 1692d–692f. To survive a motion to dismiss a FDCPA claim, a plaintiff must provide "some factual allegations from which the Court can infer that: 1) the plaintiff is a consumer; 2) the defendant is a debt collector; and 3) the defendant engaged in conduct prohibited by the FDCPA."

*Robinson v. ACG Processing*, No. 17-2725-MSK-STV, 2018 WL 4932025, at *2 (D. Colo. Oct. 11, 2018).

A debt collector, according to the FDCPA definition, must have as its principal purpose the collection of debts. 15 U.S.C. § 1692a(6). A creditor seeking to collect its own debts, in its own name, with a principal business that is something other than debt collection, does not meet the definition of debt collector under the Act. *See Aubert v. Am Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998). Defendant here, an insurance company, was not a debt collector when, using its own name, it attempted to recover monies from plaintiff. Its actions, which consisted of calling and writing to plaintiff during the summer of 2018 in an effort to recoup payments duplicated by the retroactive SSDI award, are not actionable under the FDCPA, because, among other reasons, defendant is not a debt collector. *See Cargile v. Baylor Health Care Sys.*, 4-1365-B, 2005 WK 2445482, at *5 (N.D. Tex. Aug. 10, 2005) (citing *Aubert*, 137 F.3d at 978; *Carlson v. Long Island Jewish Med. Ctr.*, 378 F. Supp. 2d 128, 131 (E.D.N.Y. 2005)).

However, the statutory definition of debt collector also includes "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). "The imposition of liability in this case recognizes the fact that when a creditor uses a name other than his own, the motivation to protect the good will in his own name is absent and the likelihood for abusive debt collections practices returns." *Carlson*, 378 F. Supp. 2d at 131. The Act goes on to exclude from this category persons collecting debts for a creditor "both of whom are related by common ownership or affiliated by corporate control," as long as the principal business of the creditor is something other than debt collection. 15 U.S.C. § 1692a(6)(B). Plaintiff makes additional allegations in Count V in attempt to bring defendant into this second definitional framework. Plaintiff alleges that that, in November

2018 defendant "represented itself as or contracted with The Receivable Management Services" ("RMS") to collect the debt by sending a letter to plaintiff. (Doc. 1-1, at ¶¶ 143–48.) When plaintiff's attorney responded to RMS, plaintiff notes that they received no response from defendant or from RMS. Instead, they received a response from the Consumer Advocacy Group which explained it was forwarding the correspondence to its Operations Department. Plaintiff alleges further that defendant used the RMS name in an effort to indicate to "others" (presumably meaning plaintiff) that "a third-party was attempting to collect its debt."

When determining whether a creditor is hiding behind a made-up name to collect its own debt, the issue is not whether the creditor and the debt-collecting entity are in fact separate. The issue is "whether, under the particular factual circumstances present, the 'least sophisticated consumer would have the false impression that a third party was collecting the debt.'" *Carlson*, 378 F. Supp. 2d at 131 (citing *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 236 (2d Cir. 1998)); *see also Ensminger v. Fair Collections & Outsourcing, Inc.*, 16-2173-CM-GEB, 2016 WL 6905882, at *3 (D. Kan. Nov. 23, 2016). In the present case, no analysis of this objective standard is necessary, however, because plaintiff makes no allegations from which the court could infer that defendant's communications were in any way confusing, or that she was, in fact, confused as to what entity was trying to collect the debt.

Although plaintiff's claims make a passing reference to defendant's alleged use of a third party, her claim focuses on the fact that defendant communicated with her directly although she was represented by counsel. (Doc. 1-1, at ¶¶ 136, 137, 139, 140, 150, 153, 159.) Plaintiff does not allege that she or her attorney believed that RMS was a separate entity from defendant; in fact, the allegations, taken as a whole, reflect that she and her attorney understood that RMS was affiliated with defendant. When plaintiff's attorney responded to RMS's letter, she notes that they did not hear back from defendant or RMS. The court's inference that plaintiff believed it was defendant who sought to

collect her debt is underscored by the fact that plaintiff has not named RMS as a party to this lawsuit. Plaintiff's allegations do not give rise to an inference that defendant used another name to cause plaintiff to believe that her debt had been turned over to a collection agency. Instead, the allegations more plausibly point to the fact that defendant had divisions within its organization that worked to collect these sorts of overpayments. *See Aubert*, 137 F.3d at 979 (noting that the FDCPA permits corporate affiliates to collect debts under assumed names); *Taylor v. Rollins*, No. 97 C 4156, 1998 WL 164890, at *4 (N.D. Ill. Mar. 30, 1998).

Although New York's district court went the other way in the analogous *Carlson* case, denying the defendant's motion to dismiss the FDCPA claim, it is important to note that that ruling was decided under the more lenient dismissal standard set forth in *Conley v. Gibson*, 355 U.S. 41 (1957), which has been superseded. *See also Sheldon v. Unum Life Ins. Co. of Am.*, No. 6-31, 2006 WL 1288774 (D. Neb. May 9, 2006). A more coherent pleading is now required to 'nudge' this claim from conceivable to plausible: "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557), *see also Schroeder v. Neb. Furniture Mart*, 19-1131-JWB, 2019 WL 3202264, at *1 (D. Kan. July 16, 2019) (dismissing FDCPA claim which lacked allegation that defendant was collecting on an account owed to someone else).

For these reasons, Count V is dismissed for failure to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6). As this count provided the sole ground for this court's exercise of federal jurisdiction, this matter will be remanded to state court. *Chance v. Zinke*, 898 F.3d 1025, 1035 (10th Cir. 2018); 28 U.S.C. § 1367(c)(3); *see also Gad*, 787 F.3d at 1035.

**IT IS THEREFORE ORDERED** that Hartford Life and Accident Insurance Company's motion to dismiss Counts II, III, IV and V of Sheila Hunnell-Villines' complaint is granted in part and denied in part. (Doc. 21.) The motion to dismiss Count V is hereby granted. The motion to dismiss Counts II, III and IV is denied. Plaintiff's complaint (Doc. 1-1), including Counts I, II, III and IV, is hereby remanded to the state court where it was originally filed.

The Clerk of Court is directed to take the necessary steps to remand this matter to the District Court of Wyandotte County, Kansas.

Dated this 23rd day of January, 2020, at Kansas City, Kansas.

>
> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**